# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7088 | **DATE** | 12/9/2011 |
| **CASE TITLE** | Brothers vs. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for attorney's fees [33] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This court granted the plaintiff's motion for summary judgment in part, remanding the case for the administrative law judge ("ALJ") to re-examine her determination of the plaintiff's disability onset date with the assistance of a medical advisor, and to comply with the requirements of SSR 00-4p. Counsel now moves for a total of $7,798.13 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that it is entitled to those fees because the government's position was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(B). For its part, the government responds that it prevailed on all but two of its arguments, and of those two arguments, the government's position was either reasonable or "justified in the main."

"EAJA fees are appropriate when the government's litigation positions and overall pre-litigation conduct, including the ALJ's decision itself, lacked a reasonable basis in law and fact." *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). The court finds that the government has carried its burden of demonstrating that its positions on the points had a reasonable basis in law and fact.

First, with respect to the determination of the plaintiff's disability onset date, in its summary judgment briefing the government candidly admitted that there was no specific evidence to support the ALJ's disability onset date of October 2004; instead, the government argued that the Dr. Elmes' April 2005 medical examination was the first real evidence of a decline, and that ALJ was likely giving the plaintiff "the benefit of the doubt" by setting the onset date to six months prior. And while the ALJ provided no specific reason for setting the October 2004 date, it did not "ignore, mischaracterize, selectively cite, or otherwise bungle a significant body of relevant evidence." *See Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011).

Likewise, with respect to the ALJ's need to consult a medical advisor prior to inferring the plaintiff's disability onset date, the government made a reasonable argument that the ALJ was permitted to forego such a consultation because the plaintiff's medical history was "complete." A complete medical history is in fact a proper basis for foregoing the consultation, and while the court ultimately disagreed, it was not unreasonable for the government to argue to the contrary.

Finally, with respect to the ALJ's failure to comply with SSR 00-4p, the government did not argue that

| STATEMENT |
|---|
| the ALJ had in fact complied; instead, it argued that the ALJ's failure constituted harmless error, which was a perfectly reasonable argument to make, particularly in light of the fact certain of the jobs identified by the vocational expert fell within the plaintiff's residual functional capacity. The government's position, when viewed as a whole on all of the issues, was eminently reasonable. *See Suide v. Astrue*, No. 08 C 2967, 2011 WL 528987, at *3 (N.D. Ill. Feb. 4, 2011) ("In evaluating the government's position, the court must assess the government's conduct as a whole and should not engage in 'argument counting.'" (citing *Steward*, 561 F.3d at 683)). The court therefore denies the plaintiff's motion for attorney's fees. |

| | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|